# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

BARBARA A KAUFMANN,

Plaintiff,

v. Case No.: 6:26-cv-00216-LHP

COMMISSIONER OF SOCIAL SECURITY,

Defendant.

---

## ORDER

Before the Court is Plaintiff's Unopposed Motion for Award of Attorney's Fees Pursuant to the Equal Access to Justice Act 28 U.S.C. § 2412. Doc. No. 20. Upon review, the motion will be granted.

Plaintiff, through counsel of record, filed a complaint against the Commissioner of Social Security regarding the denial of an application for disability insurance benefits. Doc. No. 1. On June 30, 2026, after Plaintiff's briefing was filed (Doc. No. 13), but pursuant to an unopposed motion to remand (Doc. No. 16), the Court reversed and remanded the case to the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g). Doc. No. 17. Judgment was entered in favor of Plaintiff and against the Commissioner the same day. Doc. No. 18.

By the present motion, Plaintiff seeks an award of attorney's fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d). Doc. No. 20. Plaintiff requests a total of $5,650.65 in attorney's fees under the EAJA, for 21.65 hours of work performed by Plaintiff's counsel in 2026.

Upon consideration, and absent any objection from the Commissioner, the Court finds the request for fees pursuant to the EAJA well-taken. Accordingly, Plaintiff's Unopposed Motion for Award of Attorney's Fees (Doc. No. 20) is **GRANTED**, to the extent that Plaintiff is awarded $5,650.65 in attorneys' fees under the EAJA.[1]

**DONE** and **ORDERED** in Orlando, Florida on October 29, 2026.

Leslie Hoffman Price

LESLIE HOFFMAN PRICE
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record

[1] Plaintiff's motion references an assignment of EAJA fees from Plaintiff to counsel. Doc. No. 20, at 2; *see also* Doc. No. 20-1. However, Plaintiff states only that "[i]f the U.S. Department of the Treasury determines that Plaintiff does not owe a federal debt, the government will accept Plaintiff's assignment of EAJA fees and pay fees directly to Plaintiff's counsel." Doc. No. 20, at 2. The government may exercise its discretion to honor Plaintiff's assignment of attorney's fees awarded under the EAJA if the government determines that Plaintiff does not owe a federal debt, but the Court will not order the government to do so.